IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **KENITHA L. FERGUSON,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:17-04570 |
| ) | |
| **JENNIFER SAAD, Acting Warden,**[1] ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Respondent's "Motion to Dismiss" (Document No. 8), filed on January 22, 2018, by Assistant United States Attorney Emily J. Wasserman. In Response, Plaintiff has filed an Exhibit in Support, Affidavit of Juan Harrington, and an Addendum to Add Evidence. (Document Nos. 10, 12, 13.) Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's Motion (Document No. 8) should be granted.

**FACT AND PROCEDURE**

**A.     Criminal Action No. 2:16-cr-00010:**

On July 29, 2016, Petitioner pled guilty in the Southern District of Ohio to one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. §§ 286 and 2. United States v. Ferguson, Case No. 2:16-cr-00010 (S.D.Oh. May 12, 2017), Document Nos. 42 and 45. On May 12, 2017, the District Court sentenced Petitioner to total term of 18 months of imprisonment to be followed by a 3-year term of supervised release. Id., Document Nos. 69 and 76; (Document No. 8-1.) The District Court further imposed a special assessment of $100 and ordered restitution

---

[1] Petitioner has named the United States as the Respondent. The proper Respondent, however, is the Warden of the correctional facility where the Petitioner is incarcerated. 28 U.S.C. § 2243. Therefore, the Clerk is **ORDERED** to substitute the Jennifer Saad, Acting Warden of FPC Alderson as the Respondent.

in the amount of $153,574.00 to the Internal Revenue Service. (Id.) By Amended Judgment entered on June 20, 2017, the District Court clarified that "of the $153,574 total restitution ordered in this case, $132,020 is joint and several with co-defendant Brian Hamilton, 2:16-cr-10-2, and $21,554 was the sole obligation of defendant Ferguson." (Id.) Petitioner did not file a direct appeal.

**B.     Section 2255 Motion:**

On November 8, 2017, Petitioner filed in the Southern District of Ohio a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Ferguson, Case No. 2:16-cr-00010, Document No. 77; (Document No. 8-2.) As her sole ground for relief, Petitioner argued that Honeycutt v. United States, ___ U.S. ___, 137 S.Ct. 1626, 198 L.Ed.2d 73 (2017) was a new rule of constitutional law that rendered the Court's restitution order improper. (Id.) By "Report and Recommendation" filed on November 16, 2017, United States Magistrate Judge Kimberly A. Jolson recommended that Petitioner's Section 2255 Motion be denied. Ferguson, Case No. 2:16-cr-00010, Document No. 78; (Document No. 8-3.) Judge Jolson considered and rejected Petitioner's Honeycutt argument on the merits. (Id.) Specifically, Judge Jolson explained as follows:

> In *Honeycutt v. United States*, the case on which Petitioner relies, the Supreme Court held that under 21 U.S.C. § 853, which mandates forfeiture of proceeds derived from certain drug crimes, a defendant may not be held jointly and severally liable for property that her co-conspirator derived from the crime but that the defendant herself did not acquire. *Honeycutt*, 137 S.Ct. 1626, 1630 (2017). Accordingly, "forfeiture pursuant to § 853(a)(1) is limited to property the defendant [her]self actually acquired as a result of the crime." *Id.* at 1635. Here, however, Petitioner was not convicted for a drug crime, and the Court did not issue an order of forfeiture pursuant to the provision at issue in *Honeycutt*.
> Courts have drawn a distinction between the forfeiture provision at issue in *Honeycutt* and restitution pursuant to a conspiracy charge. "*Honeycutt* found that the bedrock principle of conspiracy liability was not incorporation into forfeiture for drug offenses under 21 U.S.C. § 853." . . . . [T]he Sixth Circuit has

> held that members of a conspiracy *can* be held accountable for the foreseeable loss caused by the conspiracy or scheme. . . Accordingly, "unlike 21 U.S.C. § 853, calculating fraud loss does incorporate the bedrock principle of conspiracy liability." . . . Thus, on the merits, Petitioner's claim is unsuccessful.

(Id., pp. 3 – 4.) Judge Jolson further determined that Petitioner waived her right to challenge the Court's restitution order pursuant to the terms of her Plea Agreement. (Id., p. 4.) Petitioner filed her Objections on November 30, 2017. Ferguson, Case No. 2:16-cr-00010, Document No. 79; (Document No. 8-4). By "Opinion and Order" entered on December 4, 2017, the District Court overruled Petitioner's Objections, adopted Judge Jolson's recommendations, and denied Petitioner's Section 2255 Motion. Ferguson, Case No. 2:16-cr-00010, Document No. 80; (Document No. 8-5).

## C.     Section 2241 Petition:

On December 15, 2017, Petitioner filed her instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support.[2] (Civil Action No. 5:17-03851, Document Nos. 1 and 2.) Petitioner challenges the validity of her sentence citing Honeycutt v. United States, ___ U.S. __, 137 S.Ct. 1626, 198 L.Ed.2d 73 (2017). (Id.) Specifically, Petitioner argues as follows:

> Petitioner contends that joint and several liability is contrary to several provisions of statutes for forfeiture and restitution. Petitioner worked as an employee with defendant in a tax business. Petitioner had no interest in the establishment and was only an employee. Petitioner is held liable for the funds the owner acquired. Petitioner contends that she did not benefit form the profits gained by the owner.

(Document No. 1, pp. 6 – 8.) Petitioner contends that the Southern District of Ohio failed to address her above claim in her Section 2255 proceedings and merely decided that Petitioner

---

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"should have brought the claim on direct appeal." (Document No. 2, pp. 1 - 4.) Petitioner argues that she could not assert her above argument on appeal because the Honeycutt case was not decided until after Petitioner was sentenced. (Id.) Petitioner, therefore, requests that this Court vacate her order of restitution based upon Honeycutt. (Id., p. 8.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's Section 2255 Motion as filed in the Southern District of Ohio (Document No. 2, pp. 5 – 18.); (2) A copy of United States Magistrate Judge Kimberly A. Jolson's "Report and Recommendation" as filed in the Southern District of Ohio on November 16, 2017 (Id., pp. 18 – 24.); (3) A copy of Petitioner's Objections to Judge Jolson's "Report and Recommendation" as filed in the Southern District of Ohio on November 15, 2017 (Id., pp. 25 – 30.); and (4) A copy of United States District Judge James L. Graham's "Opinion and Order" as filed in the Southern District of Ohio on December 4, 2017 (Id., pp. 31 – 33.).

By Order entered on December 19, 2017, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On January 22, 2018, Respondent filed her Response to the Order to Show Cause and Motion to Dismiss. (Id., Document No. 8.) Respondent argues that Petitioner is incorrectly attempting to challenge her sentence (restitution order) in the instant Section 2241 proceedings. (Id.) Respondent notes that Petitioner "originally pursued this challenge under 28 U.S.C. § 2255, however, her § 2255 was denied and dismissed by the Southern District of Ohio." (Id.) Respondent acknowledges that Section 2255 contains a "savings clause," but Respondent argues that Petitioner cannot meet the requirements of the "savings clause." (Id.) Respondent

4

notes that Petitioner is merely attempting to use Section 2241 proceedings "to make the same § 2255 argument in a different jurisdiction." (Id.) Finally, Respondent notes that Honeycutt does not apply to Petitioner's underlying case as "Petitioner is not challenging a forfeiture order, but a restitution order." (Id.) Citing United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014), Respondent states that the Fourth Circuit has recognized that "restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer." (Id.) Thus, Respondent claims that "[n]othing about *Honeycutt* suggests that a court cannot hold codefendants jointly and severally liable for restitution." (Id.) Respondent, therefore, argues that Petitioner's Section 2241 Petition should be dismissed. (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the Southern District of Ohio on June 20, 2017 (Document No. 8-1.); (2) A copy of Petitioner's Section 2255 Motion as filed in the Southern District of Ohio (Document No. 8-2.); (3) A copy of United States Magistrate Judge Kimberly A. Jolson's "Report and Recommendation" as filed in the Southern District of Ohio on November 16, 2017 (Document No. 8-3.); (4) A copy of Petitioner's Objections to Judge Jolson's "Report and Recommendation" as filed in the Southern District of Ohio on November 15, 2017 (Document No. 8-4.); (5) A copy of United States District Judge James L. Graham's "Opinion and Order" as filed in the Southern District of Ohio on December 4, 2017 (Document No. 8-5.).

By Order and Notice entered on January 23, 2018, the undersigned advised Petitioner of her right to file a Reply to Respondent's Response and Motion to Dismiss. (Document No. 9.) On February 26, 2018, Petitioner filed her Reply. (Document No. 10.) Petitioner argues that at the time of her plea agreement, she did not believe she should be held jointly and severally

responsible for the amount of $132,020. (Id.) Petitioner, however, states that her attorney advised her that "this was part of the plea agreement." (Id.) Petitioner explains that she "had no idea that [she] would not have the opportunity to contest the restitution amount." (Id.) Next, Petitioner states that she "was not aware that there was a pending Supreme Court decision in regard to restitution using Honeycutt." (Id.) Third, Petitioner states that she feels her sentencing was "unjust" and her attorney "didn't go the extra mile and file for me in areas I expressed concern." (Id.) Finally, Petitioner complains that he told her attorney that she wanted to file a direct appeal and her attorney denied the request. (Id.)

On March 5, 2018, Petitioner filed an Affidavit from Juan Harrington. (Document No. 12.) Mr. Harrington indicates that he is Petitioner's husband and he attended meeting between Petitioner and her former defense counsel. (Id.) Mr. Harrington states that he remembers Petitioner expressing her concerning over the restitution. (Id.) Mr. Harrington further states that he does not believe that "her attorney represented her to his fullest capability." (Id.)

On March 14, 2018, Petitioner filed her "Addendum to Add Evidence to Certificate of Appealability." (Document No. 13.) Specifically, Petitioner states that former counsel "deliberately ignored [Petitioner's] request to file a 2255" concerning a challenge to her restitution. (Id., p. 1.) As an Exhibit, Petitioner attaches a correspondence between her and her former defense counsel. (Id., pp. 2 - 3.)

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct.

175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the

validity of her conviction and sentence as imposed by the Southern District of Ohio. Specifically, Petitioner first challenges the validity of her sentence based upon Honeycutt. Second, Petitioner appears to challenge the validity of her conviction and sentence based upon allegations of ineffective assistance of counsel. Petitioner, therefore, requests that this Court vacate her conviction and sentence. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of Ohio. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth

Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, she must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008).

render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve

Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege that there has been (1) a substantive change in settled law that makes the conduct of her conviction no longer criminal, or (2) a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Although Petitioner cites Honeycutt arguing a recent change in law concerning her sentencing, the record clearly reveals that Honeycutt was decided prior to Petitioner's Section 2255 proceedings. In denying Petitioner's Section 2255 Motion, the Southern District of Ohio specifically considered and rejected Petitioner's Honeycutt argument. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. The savings clause cannot be used to circumvent the stringent gatekeeping requirements and procedure bars of Section 2255, and it does not permit relitigating of unsuccessful Section 2255 claims through Section 2241 proceedings. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241

---

    an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

Id. The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United State's Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67.

Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 8), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: August 15, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge